UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LORA CARTHRON-KELLY,

        Plaintiff,

 -against-           5:15-CV-0242 (LEK/DJS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

# DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Lora Carthron-Kelly commenced this action on March 3, 2015, appealing from the denial of Social Security benefits. Dkt. No. 1 ("Complaint"). Presently before the Court is the Commissioner of Social Security's Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction. Dkt. No. 11 ("Motion"); see also Dkt. No. 11-2 ("Memorandum"). Carthron-Kelly opposes the Motion, Dkt. No. 13 ("Response"), and the Commissioner filed a reply, Dkt. No. 14 ("Reply"). For the following reasons, the Court reserves decision on the Commissioner's Motion pending receipt of proof of service from Carthron-Kelly.

## II. BACKGROUND

Carthron-Kelly filed her Complaint on March 3, 2015. Compl. Under Federal Rule of Civil Procedure 4(m) as it existed at the time,[1] a plaintiff had 120 days after the filing of her complaint to serve a defendant. Fed. R. Civ. P. 4(m). Carthron-Kelly's counsel, who had never

---

[1] On April 29, 2015, the time limit for service was reduced to 90 days after the filing of the complaint. See Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment ("The presumptive time for serving a defendant is reduced from 120 days to 90 days.").

worked on a Social Security appeal in this district before, mistakenly believed that he did not need to personally serve the summonses issued for the United States Attorney for the Northern District of New York, the Commissioner of Social Security, and the United States Attorney General. Resp. at 3.[2] Without having served the summonses, Carthron-Kelly's counsel requested a status report from the Court on January 14, 2016—well past the Rule 4(m) deadline. Dkt. No. 5. Carthron-Kelly's counsel was then "informed via a telephone call that this Court requires counsel to serve the Summons on behalf of the Plaintiff." Resp. at 4. The very next day, Carthron-Kelly's counsel requested an extension on the deadline to serve the summonses. Dkt. No. 6. The Court granted the extension on February 23, 2016, and gave Carthron-Kelly until April 25, 2016, to effect service. Dkt. No. 7. The Court also instructed Carthron-Kelly to "file proof of such service on the case docket." Id. Carthron-Kelly's counsel timely served both the U.S. Attorney in Syracuse, New York, and the Regional Office of the Social Security Administration in New York, New York, but failed to properly serve the Attorney General in Washington, D.C. Dkt. No. 10-1 ("Affidavit of Service") at 1–6. It appears that, instead of sending the summons designated for the Attorney General to Washington as required, Carthron-Kelly's counsel sent it to the business address of the Commissioner in Baltimore, Maryland. Id.

---

[2] Under Federal Rule of Civil Procedure 4(i)(2), where, as here, a plaintiff needs to serve "a United States agency or corporation, or a United States officer or employee sued only in an official capacity, [she] must serve the United States and also send a copy of the summons and the complaint by registered or certified mail to the agency, corporation, officer, or employee." Service on the United States entails serving both the "United States attorney for the district where the action is brought" and the "Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(A)–(B). Local Rule 4.1 provides that "[s]ervice shall be made in the manner specified in the Federal Rules of Civil Procedure or as required or permitted by statute." L.R. 4.1. It further specifies that "[t]he party seeking service of papers shall be responsible for arranging the service." Id.

at 2. Moreover, while Carthron-Kelly's counsel served the U.S. Attorney and the Commissioner before the April 25, 2016 deadline, he failed to provide proof of service as instructed by the Court until August 26, 2016—two days after the Court had requested a status report. Dkt. No. 9; Aff. of Service.

On August 31, 2016, the Commissioner moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(2) and (5) for lack of personal jurisdiction and insufficient service of process. Mot.³ The Commissioner notes that "[t]o date—nearly 550 days after Plaintiff filed her Complaint—Plaintiff has still failed to serve the U.S. Attorney General." Mem. at 3. This failure mandates dismissal, says the Commissioner, who also suggests that Carthron-Kelly should not be given another opportunity to cure her defective service. Id. at 5–6. On September 20, 2016, Carthron-Kelly filed a response and an affidavit stating that service had been effected on the Attorney General. Resp.; Dkt. No. 12 ("Second Affidavit of Service"). Carthron-Kelly relies on Federal Rule of Civil Procedure 4(i)(4)(A), which provides that a "court must allow a party a reasonable time to cure its failure to serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States." Resp. at 6. On the basis of this provision, she asks the Court to "extend the service deadline to the date of re-service of the Attorney General," namely, September 20, 2016. Id. at 7. Alternatively, Carthron-Kelly argues that good cause existed for her failure to timely effect service, and that even if the Court declines to find good cause, it should still exercise its discretion to extend the service deadline. Id. at 7–10.

---

³ "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987).

3

**III.     DISCUSSION**

"The Federal Rules [of Civil Procedure] contain a 'cure provision' requiring the district court to allow a party who has failed to serve process on the United States but is required to do so a 'reasonable time' to cure such a failure." Kurzberg v. Ashcroft, 619 F.3d 176, 184 (2d Cir. 2010). Under this provision, a "court must allow a party a reasonable time to cure its failure to serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States." Fed. R. Civ. P. 4(i)(4)(A). "Rule 4(i)(4) contemplates that the 'reasonable time to cure' service will begin running once the failure is pointed out." Raja v. Johnson, No. 13-CV-11, 2014 WL 1123523, at *3 (S.D. Ohio Mar. 20, 2014) (citing Fed. R. Civ. P. 4 advisory committee's note to 2000 amendment); accord Graham v. Sequatchie Cty. Gov't, No. 10-CV-20, 2011 WL 796785, at *1 (E.D. Tenn. Feb. 28, 2011) ("To determine whether the plaintiffs have had a reasonable time to cure the lack of service of process on the United States, the 'cure provision' in Rule 4(i)(4)(B) may be triggered and the clock starts to run if the plaintiffs receive notice of the deficiency . . . ."). Notice of the deficiency can be provided by either the defendant or the court itself. See Kurzberg, 619 F.3d at 185 ("Nothing in the language of Rule 4(i)(3)(A) suggests that a defect in the service of process can be identified for purposes of permitting the plaintiff to cure the defect only by the court . . . . [N]otification to the plaintiff by the defendant, rather than by the court, of a defect in the service of process is sufficient to start the clock on the reasonable amount of time afforded to the plaintiff to cure the defect.").

Here, Rule 4(i)(4)(A) did not apply until Carthron-Kelly served the U.S. Attorney in April 2016, since the Rule is triggered only when "the party has served either the United States

attorney or the Attorney General of the United States," Fed. R. Civ. P. 4(i)(4)(A), and before that point Carthron-Kelly had not served anybody. Once she finally effected partial service, Carthron-Kelly did not receive notice of her failure to properly serve the Attorney General until the Commissioner filed her Motion on August 31, 2016. Mot. That filing therefore "start[ed] the clock running on the reasonable time that [Carthron-Kelly was] afforded . . . to cure the defect in service." Graham, 2011 WL 796785, at *1. Within a month of the filing of the Motion, Carthron-Kelly filed the Second Affidavit of Service, which indicated that she had at last served the Attorney General in Washington, and that she would "file the return of service as soon as it is received." Second Aff. of Service at 1.

The Court finds that a "reasonable time to cure" under Rule 4(i)(4)(A) encompasses the three weeks it took Carthron-Kelly to correct the deficient service after the defect was pointed out to her. See Anderson v. Counts, No. 07-CV-192, 2007 WL 2710458, at *2 (N.D. Ga. Sept. 12, 2007) (giving the plaintiff thirty days to cure his deficient service on the United States in accordance with Rule 4(i)). The Commissioner suggests that the Court already gave Carthron-Kelly a "reasonable time to cure" "by granting her 62 days to do so—between February 23, 2016, when the Court granted [her] extension request, and April 25, 2016, the date by which the Court ordered [her] to complete service." Mem. at 5. That argument is unavailing. As the Court just pointed out, Rule 4(i)(4)(A) applies only when "the party has served either the United States attorney or the Attorney General of the United States." Fed. R. Civ. P. 4(i)(4)(A). When the Court granted the extension request on February 23, 2016, neither the U.S. Attorney nor the Attorney General had been served. Thus, Rule 4(i)(4)(A) was simply inapplicable at that time. See Sunoco v. Mid-Atl. Region Retailer Compliance Ctr., No. 10-CV-4941, 2011 WL 4810915,

at *3 n.2 (D.N.J. Oct. 7, 2011) ("Plaintiff may not avail itself of [Rule 4(i)(4)] because . . . Plaintiff did not attempt to serve either the United States Attorney or the Attorney General of the United States."). Once it became applicable, though, Carthron-Kelly acted relatively quickly to remedy the defect in service pointed out to her. Since the Court finds that Carthron-Kelly has cured her defective service on the United States within a reasonable time after the Commissioner informed her of it, it need not address the Commissioner's other arguments for dismissing the Complaint.[4]

Unfortunately for Carthron-Kelly, however, the Court cannot deny the Commissioner's Motion just yet. Even though she promised to do so, Second Aff. of Service at 1, Carthron-Kelly never filed proof that she served the Attorney General. Docket. Accordingly, the Court reserves decision on the Commissioner's Motion. Carthron-Kelly has thirty (30) days to file proof that she properly served the Attorney General in Washington. If she submits such proof within the allotted time, the Court will dismiss the Commissioner's Motion. But if she fails to do so, the Court will grant the Motion and dismiss her Complaint.

---

[4] This case is quite similar to Boucher v. Potter, No. 04-CV-1541, 2005 WL 1183148 (S.D. Ind. May 18, 2005). There, the plaintiff brought suit against the Postmaster General of the United States on September 27, 2004. Id. at *1. The plaintiff's counsel timely served the Postmaster General with the summons but failed to serve either the U.S. Attorney for the Southern District of Indiana or the Attorney General. Id. On October 27, 2004, the plaintiff's counsel learned from an Assistant United States Attorney ("AUSA") for the Southern District of Indiana that "service of process was incomplete." Id. Then, on November 12, 2004, the plaintiff's counsel served the U.S. Attorney but "once again failed to serve the Attorney General." Id. On February 10, 2005, the defendant moved to dismiss for insufficient service of process and lack of personal jurisdiction, id., and on or around February 25, 2005, the plaintiff's counsel finally served the Attorney General, id. at 3. The court held that it was required under Rule 4(i) to allow the plaintiff a reasonable time to cure the defective service, and that the fifteen days it took the plaintiff's counsel to serve the Attorney General after the defect was pointed out was in fact reasonable. Id. at *2.

**IV. CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Court reserves decision on the Commissioner's Motion to Dismiss (Dkt. No. 11) pending receipt of proof of service on the United States Attorney General in Washington, DC. Carthron-Kelly has **thirty (30) days** to file such proof, and if she timely submits such proof, the Court shall deny the Commissioner's Motion. If she does not timely submit such proof, however, the Court shall grant the Commissioner's Motion and dismiss her Complaint (Dkt. No. 1); and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  February 06, 2017
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge