UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LORA CARTHRON-KELLY,

                Plaintiff,

v.                                                                                      5:15-CV-0242
                                                                                        (GTS/WBC)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                                          OF COUNSEL:

SEVERANCE, BURKO, SPALTER & MASONE, PC          LOUIS R. BURKO, ESQ.
  Counsel for Plaintiff
16 Court Street, Suite 2400
Brooklyn, New York 11241

SOCIAL SECURITY ADMINISTRATION                         DAVID B. MYERS, ESQ.
OFFICE OF GEN. COUNSEL–REGION II                      Special Assistant U.S. Attorney
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this action by Lora Carthron-Kelly ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "Commissioner") seeking Social Security pursuant to 42 U.S.C. § 405(g) benefits, are (1) the Report-Recommendation of United States Magistrate Judge William B. Mitchell Carter recommending that the Commissioner's decision be affirmed and Plaintiff's Complaint be dismissed, (2) Plaintiff's Objection to the Report-Recommendation, and (3) Defendant's response to Plaintiff's Objection. (Dkt. Nos. 31, 32, 33.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety and Plaintiff's Complaint is dismissed.

## I.     RELEVANT BACKGROUND

### A.     Relevant Procedural History

On April 20, 2011, Plaintiff filed an application for Supplemental Social Security Income ("SSI") alleging a disability consisting of neck and back impairments, and a disability onset date of May 9, 2009. (Administrative Transcript ["T."] at T. 189, 667.) Plaintiff's application was initially denied, after which she requested a hearing before an Administrative Law Judge ("ALJ"). On January 29, 2013, and June 13, 2013, a hearing was held before ALJ Edward I. Pitts. (T. at 79-123, 124-88.) On July 31, 2013, the ALJ issued a decision finding Plaintiff not disabled. (T. at 57-78.) On January 6, 2015, the Appeals Council denied Plaintiff's request for further review, rendering the ALJ's decision the final decision of the Commissioner. (T. at 1-7.) On March 3, 2015, Plaintiff filed this action in federal court. (Dkt. No. 1.)

### B.     Summary of the ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law: (1) Plaintiff has not engaged in substantial gainful activity since April 20, 2011; (2) Plaintiff has the severe impairments of degenerative disc disease of the cervical and lumbar spine as well as depression and Post Traumatic Stress Disorder ("PTSD"); (3) Plaintiff does not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) Plaintiff has the residual functioning capacity ("RFC") to perform light work, with additional non-exertional limitations; and (5) Plaintiff was incapable of performing her past relevant work (in nursing and housekeeping) but that jobs exist in significant numbers in the national economy that Plaintiff could perform. (T. at 68-71.)

### C.     The Parties' Cross-Motions for Judgment on the Pleadings

#### 1.     Plaintiff's Motion for Judgment on the Pleadings

Generally, in Plaintiff's brief in support of her motion for judgment on the pleadings, she asserts the following four arguments: (1) that the Appeals Council erred by failing to remand the matter to the ALJ for consideration of the newly submitted evidence (including an operative report); (2) that the ALJ erred in finding Plaintiff could perform light work because the finding was not based on substantial evidence; (3) that the ALJ erred by failing to incorporate relevant mental limitations (from consultative examiner Jeanne Shapiro, Ph.D.) into hypothetical questions or the RFC determination; and (4) that the ALJ failed to satisfy his burden of establishing that there was other work in the national economy Plaintiff could perform.  (Dkt. No. 23, at Points I-IV.)

#### 2.     Defendant's Motion for Judgment on the Pleadings

Generally, in his her brief in support of her motion for judgment on the pleadings, she asserts the following three arguments: (1) that the Appeals Council did not err in declining to remand the matter to the ALJ for consideration of the newly submitted evidence because (a) the operative report was not a medical opinion that shed any light on Plaintiff's condition, (b) the report was cumulative of evidence of Plaintiff's back impairments (which were already in the record), and (c) the operation was performed after the end of the relevant period and thus would not have been relevant to the period at issue; (2) that substantial evidence supports the ALJ's physical and mental RFC findings; and (3) that substantial evidence supports the ALJ's Step Five finding that there were jobs in significant numbers in the national economy that Plaintiff could perform.  (Dkt. No. 26, at Points IV-VI.)

Generally, in her response to Defendant's motion, Plaintiff asserts the following three arguments: (1) that the Appeals Council erred in failing to remand the matter because the operative report contained new and material evidence that may have made a difference in the ALJ's RFC finding (for example, the operative report noted Plaintiff had cervical myelopathy "for quite some time" contradicting the ALJ's conclusion that the opinion of Plaintiff's orthopedic surgeon Nikhil Thakur, M.D., was temporary and unsupported); (2) that the ALJ's RFC assessments were not supported by substantial evidence because (a) Defendant's arguments regarding Plaintiff's citations to relevant case law fail to address the issues at hand, (b) the ALJ's RFC assessments were based on the outdated opinions of Shakra Junejos, M.D., and Stanley Rabinowitz, M.D., which were rendered before Plaintiff's cervical spine MRI became part of the record, (c) the ALJ failed to provide an explanation for the modifications made to the ostensibly credited limitations noted by Dr. Shapiro; and (3) that the ALJ's Step Five finding was improper because the vocational expert's testimony as a whole admittedly included jobs spanning multiple exertional levels (which she did not divide out by exertional level).  (Dkt. No. 29, at Points I-III.)

### D.     Magistrate Judge Carter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Carter rendered the following four findings of fact and conclusions of law: (1) the Appeals Council did not err in failing to remand based on the newly admitted operative report because, *inter alia*, (a) the operative report was not a medical opinion that shed any light on Plaintiff's condition, (b) in any event, a review of the operative report does not show any new evidence that is sufficiently contrary to existing medical evidence in the record to alter the ALJ's RFC finding, and (c) Dr. Junejo took into consideration Plaintiff's cervical spine impairments in formulating her opinion;

(2) the ALJ's physical RFC finding was supported by substantial evidence because, *inter alia*, that finding properly relied on the medical source opinion of Dr. Junejo, which were not shown to be contrary to the additional records submitted; (3) the ALJ's mental RFC finding was supported by substantial evidence because it was consistent with (a) the assessment of Jeanne Shapiro, Ph.D. (that Plaintiff has mild to moderate limitations in her ability to interact with others, which does not preclude the ability to perform unskilled work), and (b) Plaintiff's testimony that she was capable of interacting with others and use a computer program (Skype) to communicate with family; and (4) the ALJ's Step Five finding was supported by substantial evidence because (a) the ALJ properly relied on the vocational expert's testimony and (b) in any event, any error made by the ALJ in relying on the vocational expert's testimony was harmless given that the ALJ found, in the alternative, that Plaintiff was "not disabled" within the framework of the medical-vocational rules (i.e., "the Grids").  (Dkt. No. 31, at Part IV.)

### E. Plaintiff's Objections to the Report-Recommendation

Generally, in her Objections to the Report-Recommendation, Plaintiff asserts the following four arguments: (1) Magistrate Judge Carter erred in concluding that the Appeals Council did not err when it refused to remand the matter to the ALJ for consideration of the newly submitted evidence of the operative report, because the operative report noted Plaintiff had cervical myelopathy "for quite some time" contradicting the ALJ's conclusion that the opinion of Dr. Thakur was temporary; (2) Magistrate Judge Carter erred in concluding that the ALJ's physical RFC determination was supported by substantial evidence because the opinions of Drs. Junejo and Rabinowitz were in fact shown to be contrary to the additional records submitted; (3) the Magistrate Judge erred in finding that the ALJ's mental RFC determination

was supported by substantial evidence because (a) the ALJ failed to provide an explanation for the modifications made to the ostensibly credited limitations noted by Dr. Shapiro, and (b) the ALJ failed to incorporate relevant mental limitations from Dr. Shapiro, Ph.D. into hypothetical questions presented to the vocational expert; and (4) Magistrate Judge Carter erred in concluding that the ALJ's Step Five finding was supported by substantial evidence because Magistrate Judge Carter's reasoning (that the ALJ found, in the alternative, that Plaintiff was "not disabled" within the framework of Grids") is contrary to the ALJ's Step Two finding (that Plaintiff's severe impairments included depression with PTSD and resulted in moderate limitations in social functioning with mild limitations in activities of daily living and concentration, persistence or pace).  (Dkt. No. 32, at Parts I-IV.)

F.     **Defendant's Response to Plaintiff's Objections**

Generally, in her response to Plaintiff's Objections, Defendant asserts the following five arguments: (1) as a threshold matter, to the extent that Plaintiff has merely restated arguments previously set forth in her motion for judgment on the pleadings, the "challenged" portions of the Report-Recommendation warrant only a clear-error review (and, to the extent that Plaintiff asserts entirely new arguments that she could have submitted to Magistrate Judge Carter, those arguments should not be considered); (2) in any event, Plaintiff's continuing argument that the Appeals Council erred in failing to remand the matter based on a single operative report is meritless because (a) Plaintiff relies on a single remark within the operative report (i.e., that Plaintiff "has had cervical myelopathy for quite some time") which is of little relevance given that the ALJ assessed a severe cervical spine impairment, and (b) the relevant consideration is assessing disability under the Act is not a diagnosis but the functional limitations that result

therefrom; (3) Plaintiff is incorrect that Magistrate Judge Carter erred in concluding that the ALJ's physical RFC determination was supported by substantial evidence because, *inter alia*, (a) Plaintiff's argument loses sight of the fact that it was her burden to prove her functional limitations, not the Commissioner's burden to disprove her allegations, (b) the evidence received after Dr. Junejo's review did not contain any evidence of additional limitations, and (c) Plaintiff's argument ignores Magistrate Judge Carter's observation that Dr. Junejo expressly referenced physical examination findings regarding Plaintiff's cervical spine in his narrative review of the evidence; (4) Plaintiff is incorrect that Magistrate Judge Carter erred in concluding that the ALJ's mental RFC determination was supported by substantial evidence because, *inter alia*, (a) Plaintiff's argument misses the larger point that the ALJ was under no obligation to issue an RFC finding that tracked Dr. Shapiro's opinion verbatim, (b) moderate limitations in work-related functioning do not significantly limit, and thus prevent, a plaintiff from performing unskilled work, and (c) the ALJ was expressly permitted to consider Plaintiff's daily activities in assessing her mental RFC; and (5) Magistrate Judge Carter committed no error with regard to the ALJ's Step Five finding because (a) Plaintiff's argument conflates a Step Two finding with a Step Five finding (which are entirely different findings), and (b) the ALJ's hypothetical question to the vocational expert matches his RFC finding. (Dkt. No. 33, at Parts II-III.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review of Magistrate Judge Carter's Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection

must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error"

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing Judicial Review of Defendant's Decision

In Part III.A. of his Report-Recommendation, Magistrate Judge Carter correctly recited the legal standard governing judicial review of Defendant's decision. (Dkt. No. 31, at Part III.A.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

## III. ANALYSIS

As an initial matter, the Court finds that Plaintiff's Objections (described above in Part I.E. of this Decision and Order) merely reiterate the arguments asserted in her memorandum of law in support of her motion for judgment on the pleadings, and her memorandum of law in opposition to Defendant's motion for judgment on the pleadings (described above in Parts I.C.1. and I.C.2. of this Decision and Order). As a result, the "challenged" portions of the Report-Recommendation are entitled to only a clear-error review, which they easily survive for the reasons stated in the Report-Recommendation.

---

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

In the alternative, even if the challenged portions of the Report-Recommendation merited a *de novo* review, after carefully reviewing all of the papers in this action, including Magistrate Judge Carter's Report-Recommendation, the Court concludes that the Report-Recommendation is correct in all respects: Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (Dkt. No. 31.)  As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated in the Report-Recommendation, Defendant's response to Plaintiff's Objections, and Defendant's memorandum of law in support of her motion for judgment on the pleadings.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report-Recommendation (Dkt. No. 31) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's decision denying Plaintiff benefits is **AFFIRMED** and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: January 9, 2018
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
United States District Judge